**Kai XU, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14-73487**

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 1, 2016

Kai Xu, Pro Se

Drew Brinkman, Tracey McDonald, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Kai Xu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.

2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to Xu's employment in China and his reason for not requiring medical treatment. *See id.* at 1048 (adverse credibility determination supported under the totality of circumstances). Xu's explanations to the agency do not compel a contrary result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir. 2000). Xu's contention that the agency did not consider evidence is not supported by the record. In the absence of credible testimony, in this case, Xu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Xu's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Xu would be tortured if returned to China. *See Shrestha,* 590 F.3d at 1048–49.

We do not reach Xu's due process contentions regarding the IJ because he did not raise them to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.